ROBINSON (LIDDERDALE v.). See Case No. 8,337.

## Case No. 11,958.

ROBINSON et al. v. The LILLIE MILLS et al.

[40 Hunt, Mer. Mag. 323.]

District Court, S. D. New York. 1859.

SEAMEN'S WAGES— LIBEL TO RECOVER—JURISDICTION OF COURT—PROCEDURE—WAIVER OF DEFECTS.

[1. The act of July 20, 1790, requiring, as preliminary to a libel, in rem for wages, that the master be summoned before the judge or a justice of the peace to show cause, etc., does not originate the jurisdiction of the court, but merely points out the manner of invoking its exercise. The jurisdiction is given by the constitution itself.]

[2. The method pointed out by this statute should, however, be pursued; but its omission is an error or irregularity of practice, which may be waived by the claimant, by delay in moving to take advantage of it, and by taking part, through his proctors, in the examination of libelant's witnesses.]

[This was a libel for wages by James Robinson and others against the brig Lillie Mills (James Nesmith and others, claimants). The case was heard upon a motion to vacate the arrest of the vessel on the ground that a summons to the master, and certificate of cause whereon to base admiralty process, was not procured, as required by the act of congress of July 20, 1790.]

BETTS, District Judge. The claimants applied, upon affidavits, for an order to vacate the arrest of the vessel, and subsequent proceedings in this cause instituted for the recovery of wages claimed by the crew. The libelants performed a voyage last summer on board the brig from Baltimore to the West Indies, and thence to New York, where she arrived and was quarantined about the 10th of September last, and was discharged therefrom on the 28th, on which day the libelants also left the vessel. The wages were not satisfied by the master or the claimants on demand by the libelants, and objections were raised by the claimants that the libelants had refused to discharge the cargo in this port, and that they incurred a forfeiture of their wages. The libel was filed on the 8th of October. On the 12th of October the libelants examined witnesses, and claimants' proctors attended and cross-examined them. On the 26th the warrant of arrest was returned, and an order for short publication granted, returnable on the 2d of November instant. On October 25th, notice of this motion was given to set aside the process in the cause, on the ground that a summons and certificate were not first obtained from a commission showing a sufficient cause of complaint whereon to found admiralty process.

The act of congress of July 20, 1790 [1 Stat. 131], does not originate the jurisdiction of this court. That is conferred by the constitution (article 382), and the statute does no more than point out the proper method by which the jurisdiction is to be exercised when the remedy in this respect is sought in rem. The statutory remedy, however, must be pursued in conformity to the act, but the irregularity or error in practice can be remitted by assent thereto, or a waiver of it may be implied, and in either way acquiescence in the course of proceeding may remove the fault. The acts of the claimants and their proctors, subsequent to the commencement of this action and the arrest of the brig therein, in my opinion, amount, in judgment of law, to a waiver of all objections to the regularity and sufficiency of the proceedings, and preclude them from appealing at this time to the court to rescind or vacate those proceedings. The cause, as it stands, is open to any defence the claimants may wish to interpose upon the merits of the demand; but the claimants are concluded, by their course in court and outside, from taking, at this day, exceptions to the regularity of the libelants' action. The motion to set aside the proceedings issued in the suit must accordingly be denied.